UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LAMAR ADVERTISING OF SOUTH DAKOTA, INC., a South Dakota corporation, and TLC PROPERTIES, INC., d/b/a Lamar TLC Properties, Inc., a Louisiana corporation, | ) ) ) ) ) ) ) | CIV. 11-5068-JLV<br><br>ORDER DENYING PLAINTIFFS' MOTION *IN LIMINE* AND PLAN FOR DISPOSITION OF CASE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY OF RAPID CITY, a South Dakota municipal corporation, | ) ) ) | |
| Defendant. | ) | |

Plaintiffs, Lamar Advertising of South Dakota, Inc. ("Lamar"), and TLC Properties, Inc., d/b/a Lamar TLC Properties, Inc. ("TLC") (collectively referred to as "plaintiffs"), move the court to exclude the proposed testimony from the City of Rapid City's ("City") expert witnesses David R. Gilley and Donald Frankenfeld. (Docket 25). Plaintiffs contend "the City supplied a woefully inadequate disclosure of its purported experts" in violation of the Rules of Civil Procedure. Plaintiffs also claim the proffered opinions are inadmissible under the Federal Rules of Evidence. (Docket 26 at p. 1). The City filed a response urging the court to deny plaintiffs' motion. (Docket 49).

On February 21, 2014, the court entered its order on the parties' cross motions for summary judgment, narrowing the issues for trial. (Docket 65). The only remaining issues are whether the spacing requirements established

by the Citizen Initiatives are reasonable and whether plaintiffs are entitled to damages.  Neither party requested a jury trial.  (Docket 13 at p. 5).  As a result, these issues will be resolved through a court trial.

Plaintiffs contend the City's expert disclosures violate the Rules of Civil Procedure, particularly Rule 26.  (Docket 26 at pp. 8-16).  Plaintiffs also contend the City's experts should be precluded from testifying because their opinions are inadmissible under the Federal Rules of Evidence.  Id. at pp. 16-32.

Rule 26(a)(2) requires parties to make pretrial disclosure, without a formal discovery request, of the identity of any person who may provide expert testimony at trial.  If the expert witness is one "retained or specially employed to provide expert testimony," the witness must prepare and sign a written report containing:

1. a complete statement of all opinions the witness will express and the basis and reasons for them;

2. the facts or data considered by the witness in forming [the opinions];

3. any exhibits that will be used to summarize or support [the opinions];

4. the witness's qualifications, including a list of all publications authored in the previous 10 years;

5. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

6. a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Because the issues have been narrowed by the court's order on the parties' cross motions for summary judgment, it will be helpful for the parties, within 30 days from the date of this order, to revise the disclosed expert reports to conform with Rule 26 requirements and to tailor the expert reports to the remaining issues. If the parties believe additional discovery is necessary, the parties shall, within 30 days from the date of this order, suggest a schedule for taking the depositions of disclosed experts.

Plaintiffs also contend defendant's experts' testimony is inadmissible under the Federal Rules of Evidence. (Docket 26 at pp. 16-32). Because the parties have not requested a jury trial, the plaintiffs' challenges to defendant's experts under Fed. R. Evid. 702, 703 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) can be taken up at a pretrial conference or during the trial. The court is responsible for ensuring all expert testimony and evidence admitted at trial is relevant and reliable. See Daubert, 509 U.S. at 589. During the trial, the court will be in a better position to determine the credibility of experts and the weight to be accorded expert testimony. See Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1183 (8th Cir. 1997) ("Questions of an expert's credibility and the weight accorded to his testimony are ultimately for the trier of fact to determine.") (citing Fox v. Dannenberg, 906 F.2d 1253, 1256 (8th Cir. 1990)).

Therefore, it is hereby

ORDERED that plaintiffs' motion *in limine* (Docket 25) to exclude the City's experts is denied.

IT IS FURTHER ORDERED that the parties shall, within 30 days from the date of this order, revise the disclosed expert reports in accord with the court's scheduling order (Docket 15 at ¶ 8) and Fed. R. Civ. P. 26. If additional discovery is necessary, the parties shall, within 30 days from the date of this order, suggest a schedule for the taking of depositions of the disclosed experts.

IT IS FURTHER ORDERED that the parties shall, within 30 days from the date of this order, propose dates for a court trial and state the amount of time necessary to try this case.

Dated February 21, 2014.

> BY THE COURT:
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> CHIEF JUDGE